**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHRISTOPHER S. SHANK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-4530** |
| **N. BURL CAIN, WARDEN** | **SECTION "C"(4)** |

**ORDER AND REASONS**

The petitioner, Christopher S. Shank, has filed a **Motion to Appoint Counsel (Rec. Doc. No. 3)**, a **Motion for an Evidentiary Hearing (Rec. Doc. No. 4)** and a **Motion For Production of Documents (Rec. Doc. No. 5)** requesting that counsel be appointed to assist in this federal habeas corpus proceeding under 28 U.S.C. § 2254 and that an order be issued requiring the Jefferson Parish District Attorney's Office to produce certain documents and evidence.

Shank filed the instant federal habeas petition challenging his current conviction and life sentence for aggravated rape in Jefferson Parish. The motions were filed contemporaneously with the petition and before the respondent has had the opportunity to file a response in opposition to the petition. There also is no indication that the respondent was served with petitioner's motions.

Shank seeks appointment of counsel to assist him in the discovery and the prosecution of this habeas corpus proceeding. However, it is well settled that a petitioner has no right to appointment of counsel in a federal habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (no Constitutional right to counsel in habeas corpus proceedings); *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992). Such a benefit is only required when the Court determines that an evidentiary hearing is to be held on a § 2254 petition. *See* Rule 8(c), Rules Governing § 2254 Cases; *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011). Based on the limited record before

the Court and the allegations asserted, including Shank's exhibits, the record does not demonstrate that an evidentiary hearing will be warranted in this case.

To that end, Shank's requests are at best premature. The determination of whether to hold an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2). According to § 2254(e)(2), the district court may hold an evidentiary hearing only when the petitioner has shown that either the claims raised rely on a new, retroactive rule of constitutional law that was previously unavailable (§ 2254(e)(2)(A)(I)) or the claim relies on a factual basis that could not have been previously discovered by an exercise of due diligence (§ 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. (§ 2254(e)(2)(B)). An evidentiary hearing is not required "when the record is complete or the petitioner raised only legal claims that can be resolved without the taking of additional evidence." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989).

Shank's pleadings and exhibit reflect that his state court pursuit of post-conviction relief was met with a procedural bar for seeking untimely relief under La. Code Crim. P. art. 930.8 and he met none of the generous exceptions allowed under Louisiana law.[1] His claims were not addressed on the merits. Therefore, on the record before the Court at this time, Shank has not established that the record will be insufficient to resolve the claims raised or that he has met any of the criteria for holding an evidentiary hearing.

The Court also has discretion to appoint counsel for an indigent petitioner pursuant to the Criminal Justice Act under 18 U.S.C. § 3006A, if doing so would advance the proper administration of justice. *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir.1985) ("This court appoints counsel to

[1]*See, e.g.*, Rec. Doc. No. 1-1, p.6.

represent a person seeking habeas corpus relief when the interests of justice so require and such person is financially unable to obtain representation."); *accord*, *Hulsey v. Thaler*, 421 F. App'x 386, 388 n.5 (5th Cir. 2011) (assuming without deciding that § 3006A "in fact applies wholesale to non-capital habeas cases such as this."). A review of Shank's petition does not reveal legal issues so complex to warrant appointment of counsel. The Court does not find that the interests of justice dictate appointment of counsel at this time. *See Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008). Shank's motion for appointment of counsel and an evidentiary hearing must be denied.

Shank has also moved for an order requiring the State to produce certain documents and evidence as set forth in the motion. Rule 6 of the Rules Governing Section 2254 Cases permits a district court to grant leave to conduct discovery when, in its discretion, good cause is shown. Shank, however, has presented no good cause or any reason for this Court to allow discovery at this time. As broached above, his post-conviction claims were procedurally barred from review by the state courts under La. Code Crim. P. art. 930.8. There certainly is no need to allow substantive discovery if the claims are in procedural default and not subject to this Court's scrutiny.[2]

Otherwise, any documentation and evidence that was not presented to or before the state courts when his claims were considered would not be properly before this court on habeas corpus review. It is well settled that the federal courts' review under § 2254 is limited to the record that was before the state court that adjudicated the claims. *Cullen v. Pinholster*, 563 U.S. 170, __, 131 S. Ct. 1388, 1398 & 1400 (2011).

For the foregoing reasons, Shank is not entitled to appointment of counsel, an evidentiary hearing or discovery/production of documents from the State.

---

[2]Shank also may have available means to pursue access to these items through the state courts and the Louisiana Public Records Act, all of which is outside of the control of this federal court.

Accordingly,

**IT IS ORDERED** that Shank's **Motion to Appoint Counsel (Rec. Doc. No. 3)**, **Motion for an Evidentiary Hearing (Rec. Doc. No. 4)** and **Motion For Production of Documents (Rec. Doc. No. 5)** are **DENIED**.

New Orleans, Louisiana, this 20th day of October, 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**