**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHRISTOPHER SHANK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-4530** |
| **N. BURL CAIN, WARDEN** | **SECTION "B"(4)** |

**ORDER AND REASONS**

The petitioner, Christopher Shank, filed a **Motion for Order for Requested Legal Material (Rec. Doc. No. 21)** seeking an order to compel prison officials to provide him with copies of unspecified case opinions to assist him in filing a traverse to the State's opposition to his federal habeas corpus petition. Under a broad reading, Shank claims that he requested copies of unspecified cases which were cited in the State's opposition and was advised by prison officials that several of the requested cases were "inaccessible" as cited. He claims that he sought assistance in obtaining these same cases from the Legal Programs Department, and he has not received a response. Because of this, he filed an administrative grievance complaint with the prison in an effort to garner a response to his request. Shank now seeks an order from this Court compelling the Legal Programs Department to provide him with the cases.

Shank has not identified the particular case opinions he seeks, nor has he specified why he needs the cases to adequately present his reply to the State's opposition memorandum. This Court does not require legal citations from Shank to proceed with this matter. The State's opposition memorandum asserts that Shank's federal habeas petition was untimely filed. The Court does not find a need for Shank to consult case law to challenge the State's timeliness calculation or to attempt to explain why his untimely filing should be excused. These are factual determinations and no case

law or legal argument is required from Shank. *Accord Bounds v. Smith*, 430 U.S. 817, 825 (1977) (recognizing that a habeas petition need only set forth facts giving rise to a cause of action).

Furthermore, Shank concedes that he was told that the cases he seeks were either incorrectly cited or not available from the prison in the manner the cases were cited. This does not appear to be a question that the prison is arbitrarily hindering his access to legal materials, as much as the prison legal assistants are unable to locate or access what Shank is requesting. The prison officials are not required to provide unlimited access to legal cases or authority or even to a prison library; instead, the law requires only that the prison officials provide a reasonably adequate opportunity for an inmate to present his claims in a court of law. *See Bounds*, 430 U.S. at 817, 825; *Lewis v. Casey*, 518 U.S. 343, 350 (1996). This Court does not perceive Shank's situation as one preventing him from presenting his case to this Court or from expressing his reply to the State's limitations defense.

For these reasons, Shank has failed to establish his entitlement to an order from this Court compelling copies of the unspecified cases he seeks. Accordingly,

**IT IS ORDERED** that Shank's **Motion for Order for Requested Legal Material (Rec. Doc. No. 21)** is **DENIED**.

New Orleans, Louisiana, this  16th  day of February, 2016.

                                                  **KAREN WELLS ROBY**
                                     **UNITED STATES MAGISTRATE JUDGE**