**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHRISTOPHER S. SHANK** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-4530** |
| **N. BURL CAIN, WARDEN** | **SECTION: "B"(4)** |

### OPINION

This matter was initially referred to the Magistrate Judge to conduct an evidentiary hearing if necessary and submit proposed findings of fact and a recommendation. On March 3, 2016, the Magistrate Judge issued a Report and Recommendations that Petitioner Christopher Shank's application for federal habeas corpus relief be dismissed as time-barred. Rec. Doc. 23. Petitioner filed written objections to the Report and Recommendations on March 23, 2016. Rec. Doc. 24. He was granted leave on April 12, 2016 to amend his objections to include proof of receipt of the Report and Recommendations to show his objections were timely filed.

I.   **FACTUAL BACKGROUND:**[1]

On August 9, 2003, Petitioner was living with the D family and came home during the early morning hours. Mr. D woke up to let Petitioner into the house and then went back to sleep. About an hour later, Mr. D was woken up by his youngest daughter who said

---

[1] The facts were taken from the published opinion of the Louisiana Court of Appeals for the Fifth Circuit. *State v. Shank*, 924 So.2d 316, 319-20 (La. App. 5th Cir. 2006). Under Louisiana law, the victim and her family are identified by initials to protect the victim's identity. *See*, La. Rev. Stat. Ann. § 46:1844(W)(3). The Court will continue to do so in this memorandum.

1

that his godson, who was also staying with him, had wet the bed. When he got up he noticed that his other daughter, D.D., was not in her room. Mr. D walked by Petitioner's room and through a crack in the door noticed Petitioner was under the covers "humping." Mr. D, half-asleep and thinking Petitioner had a girlfriend over, went to find D.D. but she was not in bed with his wife. He returned to Petitioner's room and saw Petitioner lying on his side holding D.D., who had no underwear on. Mr. D told D.D. to go back to her room and Mr. D and Petitioner had an altercation until Petitioner took off in his truck.

Mrs. D examined D.D.'s vagina and found blood and a scrape. D.D. told her mother that Petitioner "[rocked on her] . . . like grown-ups do."  Mr. D. called the police, who arrived, and interviewed D.D.'s parents, and collected evidence. D.D.'s underwear was never found but her nightgown and Petitioner's bedding tested negative for seminal fluids. D.D. was taken to Children's Hospital where she was examined and found to have injuries consistent with rape.

While in custody, ignoring repeated warnings to not discuss his case, Petitioner told an officer he was on heroin, OxyContin, and three "Xanbars," and believed he was in bed with his girlfriend, not D.D. A confidential informant told a detective that Petitioner admitted to raping D.D. and hiding her underwear.

**II.  PROCEDURAL BACKGROUND:**

Petitioner was indicted for one count of aggravated rape of a juvenile on October 9, 2003, and entered a plea of not guilty to the charge on October 20, 2003. (St. Rec. Vol. 1 of 9, Minute Entry, 10/20/03). Petitioner was tried by a jury on October 27 and 28, 2004 in the 24th Judicial District Court for the Parish of Jefferson, and was found guilty. (St. Rec. Vol. 1 of 9, Trial Minutes, 10/27/04). On December 8, 2004, the trial court sentenced Petitioner to life in prison without benefit of parole, probation, or suspension of sentence; he is currently incarcerated in Louisiana State Penitentiary ("LSP"). (St. Rec. Vol. 1 of 9, Sentencing Minutes, 12/8/04; St. Rec. Vol. 3 of 9, Sentencing Transcript, 12/8/04).

Petitioner's appointed counsel filed a direct appeal and asserted two errors: (1) the trial court erred in admitting Petitioner's statements at trial; and (2) the evidence was insufficient to support the verdict. Petitioner also submitted a supplemental memorandum in which he asserted additional arguments to support the assertion of two errors. On February 14, 2006, the Louisiana Court of Appeals for the Fifth Circuit affirmed the conviction and sentence. The state appellate court found the first claimed error, regarding admittance of statements, was partly without merit and partly procedurally barred, while the second

claim was without merit entirely. *State v. Shank*, 924 So.2d 316, 316-20 (La. App. 5th Cir. 2006).

The case was remanded to the trial court to advise Petitioner of the prescriptive periods for seeking post-conviction relief and how to register as a sex offender. *Id.* The trial court complied with the appellate court's directive on March 2, 2006. (St. Rec. Vol. 4 of 9, Notice of Prescriptive Period, 3/2/06). On November 17, 2006, the Louisiana State Supreme Court denied Petitioner's related writ application without stated reasons. *Id.* at 531. His conviction became final under federal law on February 15, 2007, ninety days later, because he did not file a writ application with the Supreme Court of the United States.

On February 11, 2009, Petitioner submitted a state post-conviction relief application to the 24th Judicial District Court in which he stated eleven grounds for relief:

(1) The State of Louisiana withheld favorable evidence in the original photographs from D.D.'s initial examination;

(2) The State's disclosure failed to volunteer exculpatory evidence;

(3) The State withheld critical, physical evidence at trial;

(4) The State elicited false testimony from Mrs. D;

(5) The State admitted a false confession through Russell Buras;

(6) The State allowed other false testimony to go uncorrected;

4

(7)  Petitioner was denied the right to cross-examine Officer Scott Guillory;

(8)  The State knowingly violated the principles of *Brady*;

(9)  The trial court exceeded its jurisdiction on a defective indictment;

(10) The trial court transcripts were altered on appeal; and

(11) Petitioner was denied effective assistance of counsel under the Sixth Amendment.

The trial court denied Petitioner's state post-conviction relief application on March 2, 2009, stating it was untimely filed under La. Code Crim. P. art. 930.8. (St. Rec. Vol. 5 of 9, Trial Court Order, 3/2/09). The Louisiana Fifth Circuit found no error in the trial court's ruling and denied Petitioner's related writ application on May 27, 2009. (St. Rec. Vol. 8 of 9, 5th Cir. Order, 09-KH-388, 5/27/2009; 5th Cir. Writ Application, 09-KH-338, 5/5/09 (dated 4/28/09)). The Louisiana Supreme Court also denied Petitioner's untimely writ application without stated reasons on June 18, 2010. *State ex rel. Shank v. State*, 38 So.3d 316 (La. 2010).

On July 12, 2013, over three years later, Petitioner submitted a second state post-conviction relief application to the trial court asserting two grounds for relief: (1) the State of Louisiana knowingly presented false testimony without correction; and (2) Petitioner was denied effective assistance of counsel under the Sixth Amendment. (St. Rec. Vol. 5 of 9, Application for Post-

Conviction Relief, 7/17/13 (dated 7/12/13)). This application was denied on October 18, 2013, as untimely and the trial court found no exception to the procedural bar under La. Code Crim. P. art. 930.8.

On March 11, 2014, the state appellate court denied Petitioner's writ application due to untimely filing and no error in the trial court's ruling. (St. Rec. Vol. 8 of 9, 5th Cir. Order, 14-KH-33, 3/11/14; 5th Cir. Writ Application, 14-KH-33, 1/13/14 (dated 1/6/14); Trial Court Order, 11/26/13). On December 8, 2014, the Louisiana Supreme Court also denied Petitioner's related writ application without stated reasoning. *State ex rel. Shank v. State*, 153 So.3d 434 (La. 2014).

On September 17, 2015, Petitioner filed the instant federal habeas corpus petition claiming that his conviction was obtained by (1) the unconstitutional failure of the prosecution to disclose favorable evidence; and (2) the denial of effective assistance of counsel. Petitioner prayed for relief in the form of:

(1) An evidentiary hearing;

(2) Appointment of counsel;

(3) Leave for discovery;

(4) Leave for funds for expert testing;

(5) Leave to amend petition; and

(6) Federal Habeas Corpus relief from Petitioner's state conviction and sentence.

6

After the state filed a response in opposition, the magistrate judge issued her Report and Recommendations on March 4, 2016, recommending that the instant petition for habeas corpus relief be denied and dismissed with prejudice as time-barred. Rec. Doc. 23. On March 23, 2016, Petitioner filed written objections to the Report and Recommendations. Rec. Doc. 24. He was granted leave to amend his objections in order to show the date he received the Report and Recommendations so as to prove the timeliness of the objections. Rec. Doc. 25.

### III. REPORT AND RECOMMENDATIONS

The Magistrate Judge's Report and Recommendations found that Petitioner's federal habeas corpus petition should be denied as time-barred and dismissed with prejudice. Rec. Doc. 23. Specifically, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from the date his conviction became final to bring a § 2254 claim. *Id.* at 7. Under federal law, the Magistrate Judge found that Petitioner's conviction became final on February 15, 2007 when he did not seek review in the United States Supreme Court. *Id.* Thus, any § 2254 claim had to have been brought by February 15, 2008. *Id.*

Furthermore, the Magistrate Judge did not find any evidence that statutory or equitable tolling extended Petitioner's deadline to file his habeas petition. *Id.* at 8-12. An untimely or improperly filed state post-conviction application does not interrupt the

7

running of the one-year period to file under AEDPA. *Id.* at 8-9. The Magistrate found that Petitioner's first state post-conviction application was untimely – it was filed after the expiration of the AEDPA filing period. *Id.* at 9-10. The Magistrate found that Petitioner then allowed three years to elapse before he filed a second attempt at post-conviction relief. *Id.* at 10. Finally, after his second attempt was also unsuccessful, Petitioner waited another nine months before filing the instant federal petition. *Id.* The Magistrate did not find any evidence in the record, nor any presented by Petitioner, that would justify extending the extraordinary remedy of equitable tolling to the timeliness calculation. *Id.* at 12.

The magistrate also did not find any merit in Petitioner's contention that the procedural bar to his untimely filed state post-conviction applications should be excused. *Id.* at 12-13. The Magistrate Judge did not find that the Supreme Court holdings in *Martinez* and *Trevino* provided Petitioner any relief from the procedural bar since Petitioner's federal petition was also untimely. *Id.* at 13.

Finally, the Magistrate Judge addressed Petitioner's contention that the actual innocence exception to the state imposed procedural bar to review of his federal habeas claims should apply. *Id.* at 13-15. The magistrate found that Petitioner had not pointed to any new evidence, let alone reliable evidence, of his factual

8

innocence. *Id.* at 14. The documents Petitioner claimed he did not have at trial were provided to his attorney or were presented at trial. *Id.* Petitioner also did not point to any evidence of his actual innocence *per se*, just alleged procedural errors at trial. *Id.* at 15.

Without meeting the burden to invoke the actual innocence exception, or any proof that statutory or equitable tolling should apply, the magistrate judge found Petitioner's federal habeas petition untimely. *Id.*

IV. **PETITIONER'S WRITTEN OBJECTIONS**

Petitioner filed Written Objections to the Magistrate's Report and Recommendations along with a memorandum in support, praying that the Court dismiss the Magistrate Judge's Report and Recommendations. Rec. Doc. 24.

Petitioner asserts nine specific objections to the Magistrate Judge's Report and Recommendation:

(1) The Magistrate Judge's failure to adjudicate his Second Motion for Leave to File a Reply provides Petitioner a right to file a reply to Respondent's procedural objection. Furthermore, entering Magistrate Judge's Report and Recommendation and dismissing his petition as time-barred results in error;

(2) Petitioner generally objects to the Magistrate Judge's denial of his habeas corpus petition as time-barred;

(3) Petitioner was entitled to an evidentiary hearing under 28 U.S.C. § 2254(e)(2) and Rule 8 of the Rules Governing § 2254;

    (4)    The Magistrate Judge's findings regarding statutory tolling entitlements under 28 U.S.C. § 2244 (d)(1)(B)(D) of claims 1-a, 1-c, 1-e, 2-a, 2-b, 2-c, and 2-e constitutes error;

    (5)    The State's Open File pledge paired with the suppression of the claims caused Petitioner's untimely federal filings;

    (6)    The State created an impediment by taking *Strickland* claims outside the guaranteed protections of direct appeal, thus violating the Sixth and Fourteenth Amendments;

    (7)    Each asserted claim of *Strickland* led to Petitioner's untimely filing;

    (8)    The Magistrate Judge's finding regarding equitable tolling under *Martinez* constitutes error; and

    (9)    The Magistrate Judge's findings regarding "miscarriage of justice" exception constitutes error.

*Id.* at 1-4.

## V.   LAW AND ANALYSIS:

Upon timely objection of a Magistrate Judge's findings and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2012). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1) (2012).

Magistrate Judge Roby's Report and Recommendations concluded that the petition should be denied and dismissed with prejudice because it is procedurally barred by being untimely filed. *See* Rec. Doc. 23. The threshold questions in habeas corpus review are whether: (1) the petition was timely filed and not procedurally barred; and (2) whether the claims raised by the petitioner were adjudicated on the merits in state court and all state court remedies exhausted. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b)(c) (2006)).

Petitioner's application for habeas corpus relief is controlled by AEDPA, which imposes a one-year period in which to file § 2254 claims. The one-year period commences when the state conviction is deemed final, which is either after the conclusion of the direct appeal, or if no appeal sought, after the time for seeking review expires. *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001); 28 U.S.C. 2254(d)(1)(A). However, this period is statutorily tolled while a properly filed motion for post-conviction relief or other collateral review is pending. 28 U.S.C. 2244(d)(2).

**A. Statutory Tolling**

Petitioner believes that statutory tolling applies to his situation because of delays in receiving requested documents and transcript copies from the state. However, his efforts to obtain

11

copies of the record did not constitute collateral review for purposes of statutory tolling.

28 U.S.C. § 2244(d) contains a tolling provision intended to allow state prisoners to exhaust state remedies without having that time count against them before filing a habeas petition in federal court. *See, e.g., Clarke v. Rader*, 721 F.3d 339, 343 (5th Cir. 2013). The § 2244(d)(2) tolling provision applies except when "an applicant is prevented from filing due to an impediment to filing an application created by State action in violation of the Constitution or laws of the United States." *Id.*

For statutory tolling to apply, the state post-conviction application must be "properly filed," meaning the applicant must have complied with all procedural requirements, such as timeliness and place of filing, as imposed by the state. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-414 (2005). The matter is considered "pending" while the state collateral review process is continuing. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Additionally, the state filings for which tolling is sought must have challenged the same conviction and addressed the same substantive claims raised in the federal habeas petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

Petitioner's conviction was finalized under Federal Law on February 15, 2007. Thus, the AEDPA one-year period began to run on February 16, 2007, and expired on February 15, 2008 without

Petitioner timely filing a federal post-conviction application. Request for documents, or copies of transcripts like those pursued by the Petitioner, do not constitute "other collateral review" for purposes of tolling calculation. *See, e.g. Manning v.* Epps, 688 F.3d 177, 182 (5th Cir. 2012); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000). Therefore, a straightforward application of the statute of limitations bars Petitioner from filing his writ of habeas corpus unless he is entitled to equitable tolling under AEDPA, as he claims.

### B. Equitable Tolling

AEDPA provides for equitable tolling in exceptionally rare circumstances that may have prevented a petitioner from timely filing his habeas corpus application. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Normally, "[a] district court's decision with respect to equitable tolling is reviewed for abuse of discretion." *United States v. Wynn*, 292 F.3d 226, 229-30 (5th Cir. 2002). Equitable tolling is warranted <u>only</u> when the petitioner was actively misled or prevented in some extraordinary way from exercising his rights. *Pace v. Diguglielmo*, 544 U.S. 408, 418-19 (2005). The extension of equitable tolling has only been granted when the extraordinary circumstances were outside the control of the petitioner. *Holland v. Florida*, 560 U.S. 631, 652-53 (2010); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009).

Here, Petitioner has not presented any basis for extending this extraordinary remedy to his § 2244(d) calculation. There are no extraordinary circumstances listed in the record that indicate Petitioner was prevented or misled from filing his habeas corpus claim timely, nor has Petitioner alleged such a circumstance existed. As such, it appears that Petitioner simply did not file his state post-conviction relief application or his federal habeas petition within the time period allowed for such actions. Thus, there is no basis for equitable tolling.

**C. Applicability of *Martinez v. Ryan***

Petitioner contends that the Court should excuse the procedural bar to untimely filed state post-conviction applications and consider the merits of his habeas claims. Petitioner argues the holdings in *Martinez v. Ryan* and *Trevino v. Thaler* support his contention.

In *Martinez v. Ryan*, the Court held that a state-imposed procedural default will not bar a federal habeas court form hearing a substantial claim of ineffective assistance of counsel at trial if there was no counsel in the collateral proceeding, or if said counsel was ineffective. 132 S.Ct. 1309, 1321 (2012). However, *Martinez* does not address nor provide any remedy when a habeas corpus petition is untimely filed. *See id.* The same result is found in *Trevino v. Thaler*, where the Court upheld *Martinez* and found that an attorney's ignorance in a post-conviction hearing was not

a reason to excuse a procedural default ruling. 133 S.Ct. 1911, 1913 (2013).

*Martinez* and *Trevino* do not provide a basis for reviewing the merits of an untimely filed federal habeas petition, even if it includes an ineffective assistance of counsel claim. Neither opinion constituted new rules of constitutional law, made retroactive on collateral review that would have started a new one-year filing period under AEDPA. *In re Paredes*, No. 14-51160, 2014 WL 5420533, at *6 (5th Cir. Oct. 25, 2014). Petitioner has no basis for relief from failure to meet AEDPA's one-year filing period under *Martinez*.

### D. Actual Innocence Exception

Petitioner asserts that the actual innocence exception to the procedural bar should be considered to review his federal habeas claims.

If a petitioner has defaulted his federal claims in state court, he must "demonstrate cause for the default and actual prejudice as a result of alleged violation of federal law, or [show] failure to consider the claims will result in a fundamental miscarriage of justice." *Glover v. Hargett*, 56 F.3d 682, 684 (5th Cir. 1995). A petitioner may avoid the procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed, and this can only be demonstrated by a

showing of actual innocence. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

In order to satisfy the fundamental miscarriage of justice exception, a petitioner must "show by a preponderance of the evidence that he is actually innocent of the crime of which he has been convicted." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The Court has clarified that "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To establish actual innocence, Petitioner must show that, "in light of all the evidence ... it is more likely than not that no reasonable juror would have convicted him." *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999).

In this case, Petitioner cannot succeed on his assertion of actual innocence because he has not provided any new or reliable evidence which would undermine the verdict such that a reasonable factfinder would question his guilt. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). Despite Petitioner's claim that he was never given the "new" documents, the record indicates that he was provided with these documents by his counsel and they were presented to him at trial. Rec. Doc. 23. Furthermore, Petitioner has not presented any evidence of his actual innocence *per se*; instead, he asserts procedural errors in the presentation of the State's case at trial. This is not sufficient to meet the high standards of actual innocence under *Schlup*, 513 U.S. 332-333.

**E. Dyslexia and ADA Claim**

Petitioner claims his disability prevented him from following the AEDPA requirements, and thus contends that the Court should excuse the procedural bar to his federal habeas petition and consider the merits of his claim. Rec. Doc. 24 at 9. Petitioner argues he was diagnosed with dyslexia by the Louisiana Department of Education in 1983 and was assigned to special education classes. *Id.* at 10. In 2004, Petitioner claims he was tested by the Louisiana Department of Public Safety which found he had a seventh grade reading level and a fifth grade spelling level. *Id.* Petitioner claims his mental impairment "substantially limit[s]" his ability to learn, read and write. *Id.* Further, Petitioner contends that his disability "adversely effects [sic] his ability to timely prepare his legal correspondence. Rec. Doc. 1-1 at 37. Petitioner argues the state knew of his mental impairment and failed to prove reasonable accommodations, and therefore are to blame for the untimeliness of his filings. Rec. Doc. 24 at 9.

In *Preiser v. Rodriguez*, the Court found that the "essence of habeas corpus is an attack by a person in custody upon the legality of that custody." 411 U.S. 475, 484 (1973). As such, prisoners may not attempt to evade habeas procedural requirements, such as exhaustion of state remedies, by characterizing their claims as seeking a different type of relief. *Id.* at 489-90. While Title II of the Americans with Disabilities Act of 1990 ("ADA") prohibits

discrimination against individuals with disabilities by public entities, including state prisons, the ADA is not compatible with a habeas corpus petition. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206 (1998). Prisoners may not attempt to evade the procedural requirements of habeas corpus petitions, such as exhaustion of state remedies or timely filing, by re-classifying a habeas claim as an ADA claim. *Presier*, 411 U.S. at 489.

Petitioner's claim that his untimely filed habeas petition should be allowed to proceed because of his ongoing issues with dyslexia is meritless. Petitioner does not have any valid claims actionable under ADA for his dyslexia since he has been at LSP. Therefore, Petitioner cannot use the ADA as a last ditch effort to work around the procedural default of his habeas petition.

### F. Evidentiary Hearing

Under 28 U.S.C. § 2254(e)(2), the court is not required to hold an evidentiary hearing if the petitioner has "failed to develop the factual basis of a claim in State court proceedings." The exception to this rule is if the claim (1) relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable or a factual predicate that could not have been previously discovered through the exercise of due diligence;" and (2) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no

reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). Petitioner has failed to show that an evidentiary hearing is warranted.

### G. Right to File Reply Brief

Petitioner argues that by not granting leave for him to file a reply in order to address the respondent's procedural opposition, the Magistrate Judge erred and violated his right to reply. Rec. Doc. 24 at 1. However, "the decision as to whether to grant leave is entrusted to the sound discretion of the district court and that court's ruling is reversible only for an abuse of discretion." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Petitioner was never guaranteed a right to reply to the respondent's opposition as he contends, and thus it was not an error for the magistrate judge to not grant him leave to reply.

### VI. CONCLUSION

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner Christopher S. Shank's objections to the Report and Recommendations (Rec. Doc. 24) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Court hereby approves the Report and Recommendations of the United States Magistrate Judge and adopts it as its opinion in this matter.

**IT IS FURTHER ORDERED** Christopher S. Shank's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 24th day of August, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE